**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT ILLINOIS**

| | |
|---|---|
| Brandon Jamal Moffett | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No.: <br> ) |
| Hirschbach Motor Lines, Inc. and <br> Eric Jerome Campbell, Sr., | ) <br> ) <br> ) **Plaintiff Demands Trial By Jury** <br> ) |
| Defendants. | ) |

**COMPLAINT**

**NOW INTO COURT** comes the Plaintiff, Brandon Jamal Moffett, through his undersigned counsel and files his Complaint against Defendants Hirschbach Motor Lines, Inc. and Eric Jerome Campbell, Sr., and states:

**PARTIES**

1. The Plaintiff, Brandon Jamal Moffett, is a citizen of the State of Alabama.
2. Defendant Eric Jerome Campbell, Sr. (Hereinafter, "Campbell"), is a citizen of the State of Florida.
3. Defendant, Hirschbach Motor Lines, Inc., (Hereinafter "HML"), is a corporation incorporated under the laws of the State of Iowa, having its principal place of business in the State of Iowa, located at 2460 Kerper Blvd., Dubuque, IA 52001.
4. The matter in controversy exceeds $75,000.00, exclusive of interest and costs.

**JURISDICTION STATEMENT**

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties herein. The Plaintiff, Brandon J. Moffett, is a citizen of the State of Alabama. The Defendant, HML, is a citizen of the State of Iowa. The Defendant Campbell is a citizen of the State of Florida. The matter in controversy exceeds $75,000.00, exclusive of interest and costs.

**VENUE**

6. Venue is proper in the United States District Court for the Southern District of Illinois under 28 U.S.C. § 1391(b)(2) as a substantial amount of the acts/omissions giving rise to Plaintiff's claims arose therein.

## FACTUAL BACKGROUND

7. The Plaintiff incorporates by reference all prior paragraphs as if stated here in its entirety.

8. On information and belief, on December 13, 2020, on a public highway known as southbound I-57, near or around milepost 65.2, in an active construction zone, in Browning Township, Franklin County, Illinois, Defendant Campbell negligently drove a 2019 International tractor/trailer (hereinafter "Semi Truck") and collided with the rear end of a trailer attached to a 2017 Chevrolet 3500 series truck. The trailer attached to said 2017 Chevrolet 3500 series truck was a 2018 Big Tex trailer, and the emergency flashing lights on the back of the trailer were activated before said collision.

9. On information and belief, at the time of the collision, Defendant Campbell was acting in the course and scope of his employment and/or agency with Defendant HML.

10. On information and belief, at all relevant times herein, Defendant HML was a Motor Carrier, and subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

11. On information and belief, at all relevant times herein, Defendant Campbell was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

12. 49 C.F.R. § 392.2 provides that:

    "Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated. However, if a regulation of the Federal Motor Carrier Safety Administration imposes a higher standard of care than that law, ordinance or regulation, the Federal Motor Carrier Safety Administration regulation must be complied with."

13. On information and belief, at the aforementioned time and place, Defendant HML was the title owner of a Semi Truck, US DOT Number 65769, being driven by its employee, agent, and/or servant, Defendant Campbell.

**COUNT I:    Negligence and Negligence Per Se– Defendant Campbell**

14. The Plaintiff incorporates by reference all prior paragraphs as if stated here in its entirety.
15. At said time and place, it was the duty of the Defendant Campbell to operate, drive, maintain, and/or control his Semi Truck in a manner so as not to negligently cause a collision and injury to persons lawfully on the public way and road, including the Plaintiff.
16. On information and belief, and notwithstanding the foregoing duty, Campbell did operate, drive, maintain, and/or control his Semi Truck in a dangerous and negligent manner in one or more of the following ways:

    a) Drove his Semi Truck too fast under the then existing circumstances and failed to reduce speed to avoid a collision as stated herein;

    b) failed to keep a proper lookout;

    c) failed to follow posted constructions signs directing traffic and mandatory lane changes for trucks prior to the collision as stated herein;

    d) failed to take proper precautions to avoid hazards and/or obstructions on or around the roadway after entering the construction zone and prior to the collision while driving the Semi Truck on I-57 southbound;

    e) failed to drive, operate, maintain and/or control the Semi Truck without distraction;

    f) failed to avoid a collision as stated herein;

    g) failed to adhere to industry standards for driving a commercial motor vehicle in a construction zone;

    h) failed to adhere to industry and certain rules and regulations for driving a commercial motor vehicle so as to avoid a rear end collision;

    i) failed to adhere to Defendant Campbell's training, education and instructions as a professional driver by failing to avoid a rear end collision; failed to obey signs in an active construction zone; failed to drive without distractions, and failed to keep a proper lookout;

    j) failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.;* and

    k) Defendant Campbell was negligent *per se* in violation of 625 ILCS 5/11-701(a)(2), 625 ILCS 5/11-701(d)(4), 625 ILCS 5/11-701(d)(5), 625 ILCS 5/11-907.5, and 625 ILCS 5/11-908.

17. As a direct and proximate result of one or more of the foregoing acts/omissions of

negligence, the Semi Truck operated/driven by Defendant Campbell collided with the back of the trailer as set forth herein and caused serious bodily injury to Plaintiff Brandon J. Moffett. As a result thereof, the Plaintiff suffered the following past, present, and future harms, losses and damages:

A. bodily injury;

B. pain and suffering;

C. mental suffering;

D. humiliation, embarrassment and isolation;

E. loss of earnings and loss of earning capacity;

F. permanent injury and pain;

G. permanent disfigurement;

H. medical expenses; and

I. permanent disability and/or loss of normal life.

**WHEREFORE**, the Plaintiff Brandon J. Moffett demands judgment against the Defendant Eric Jerome Campbell Sr. for compensatory damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs, and any other relief to which he is entitled in the premises.

### COUNT II:   Negligence - Hirshbach Motor Lines, Inc.

18. The Plaintiff incorporates by reference all prior paragraphs as if stated here in its entirety.
19. At said time and place, it was the duty of the Defendant HML, by and through its agent or employee Defendant Campbell, to own, operate, drive, maintain, and control its Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff Brandon J. Moffett.
17. On information and belief, and notwithstanding the foregoing duty, Defendant HML, by and through its agent or employee Defendant Campbell, did own, drive, operate, maintain, and control its Semi Truck in a dangerous and negligent manner in one or more of the following ways:

    a)   operated his Semi Truck at a speed too great for conditions prevailing;

4

    b)    failed to keep a proper lookout;

    c)    failed to follow posted construction signs directing traffic and mandatory lane changes prior to the collision as stated herein;

    d)    failed to take proper precautions to avoid hazards on or around the roadway after entering a construction zone prior to the collision while driving the Semi Truck on I-57 southbound;

    e)    failed to drive, operate, maintain and/or control the Semi Truck without distraction;

    f)    failed to avoid a collision as stated herein;

    g)    failed to adhere to industry standards for driving a commercial motor vehicle in a construction zone;

    h)    failed to adhere to industry and certain rules and regulations for driving a commercial motor vehicle so as to avoid a rear end collision;

    i)    failed to adhere to Defendant Campbell's training, education and instructions as a professional driver by failing to avoid a rear end collision; failed to obey signs in an active construction zone; failed to drive without distractions, and failed to keep a proper lookout;

    j)    failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.;* and

    k)    Defendant Campbell was negligent *per se* in violation of 625 ILCS 5/11-701(a)(2), 625 ILCS 5/11-701(d)(4), 625 ILCS 5/11-701(d)(5), 625 ILCS 5/11-907.5, and 625 ILCS 5/11-908.

18.    As direct and proximate result of one or more of the foregoing acts/omissions of negligence, the Semi Truck owned by the Defendant HML did violently collide with the back of the trailer as set forth herein, and caused serious bodily injury to Plaintiff Brandon J. Moffett. As a result thereof, the Plaintiff suffered the following past, present, and future harms, losses and damages:

    A. bodily injury;

    B. pain and suffering;

    C. mental suffering;

    D. humiliation, embarrassment and isolation;

    E.  loss of earnings and loss of earning capacity;

    F.  permanent injury and pain;

    G.  permanent disfigurement;

    H.  medical expenses; and

    I.  permanent disability and/or loss of normal life.

**WHEREFORE**, the Plaintiff Brandon J. Moffett demands judgment against the Defendant HML for compensatory damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs, and any other relief to which he is entitled in the premises.

### COUNT III:   Direct Negligence - Hirschbach Motor Lines Inc.

19. The Plaintiff incorporates by reference all prior paragraphs as if stated here in its entirety.

20. The Defendant, HML, had the duty to act reasonably in hiring, educating, training, and retaining Defendant Campbell to operate the Semi Truck in accordance with industry standards and the Federal Motor Carrier Safety Regulations.

21. The Defendant, HML, had the duty to promulgate and enforce rules and regulations to ensure its drivers, including Campbell, and vehicles, including the Semi Truck, were reasonably safe and in compliance with all applicable state and federal laws while being driven or operated.

22. On information and belief, notwithstanding the foregoing duties, the Defendant, HML, by and through its employee or agent did breach said duties in one or more of the following ways:

    a)  knew or should have known that Campbell was unfit to operate and/or drive the Semi Truck;

    b)  allowed Campbell to operate and/or drive the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq.*;

    c)  did not take appropriate action in training and educating Campbell about safe driving and driving in a construction zone to avoid collision, keep a proper lookout, drive without distraction, obey construction signs directed to motorists and truck drivers, and drive at reasonable speeds as to avoid a rear end collisions;

    d)    did not take appropriate action in disciplining or re-training Campbell when it knew or should have known Campbell failed to comply with various rules, regulations and driving policies;

    e)    failed to notify or communicate to Campbell about the location of construction zones on Interstate 57 South prior to the collision;

    f)    did not remove Campbell from duties after it knew or should have known Campbell was unfit for the job; and

    g)    did not provide supervision of Campbell when necessary or reasonable to do so to ensure safety and compliance with applicable rules while driving a commercial motor vehicle and driving in a construction zone, including its safety rules, industry safety rules and federal and state safety rules regarding driving and operating a commercial motor vehicle.

23.    As direct and proximate result of one or more of the foregoing acts/omissions of negligence, the Semi Truck owned by the Defendant HML did violently collide with the back of the trailer as set forth herein and caused serious bodily injury to Plaintiff Brandon J. Moffett. As a result thereof, the Plaintiff suffered the following past, present, and future harms, losses and damages:

    A. bodily injury;

    B. pain and suffering;

    C. mental suffering;

    D. humiliation, embarrassment and isolation;

    E. loss of earnings and loss of earning capacity;

    F. permanent injury and pain;

    G. permanent disfigurement;

    H. medical expenses; and

    I. permanent disability and/or loss of normal life.

**WHEREFORE**, the Plaintiff Brandon J. Moffett demands judgment against the Defendant HML for compensatory damages in excess of SEVENTY-FIVE THOUSAND DOLLARS

($75,000.00), plus costs, and any other relief to which he is entitled in the premises.

## COUNT IV – GROSS NEGLIGENCE

24. The Plaintiff incorporates by reference all prior paragraphs as if stated here in its entirety.
25. The Defendants conduct, acts and/or omissions shows an utter indifference and/or wanton or conscious disregard for the Plaintiff's safety and the safety of others.
26. As a result thereof, the Plaintiff suffered the following past, present, and future harms, losses and damages:

   A. bodily injury;

   B. pain and suffering;

   C. mental suffering;

   D. humiliation, embarrassment and isolation;

   E. loss of earnings and loss of earning capacity;

   F. permanent injury and pain;

   G. permanent disfigurement;

   H. medical expenses; and

   I. permanent disability and/or loss of normal life.

**WHEREFORE**, the Plaintiff Brandon J. Moffett demands judgment against the Defendants for punitive damages to punish and deter future wrongdoing in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs, and any other relief to which he is entitled in the premises.

## PLAINTIFF DEMANDS TRIAL BY JURY

RESPECTFULLY SUBMITTED this the 4th day of January, 2021.

>*/s/ Ian A. Brendel*
>Ian A. Brendel, Esq.
>Alexander Shunnarah Trial Attorneys
>PO Box 2273
>Mobile, AL 36652
>T. 251-459-8641
>F. 251-459-6387
>ibrendel@alexandershunnarahlaw.com
>**Lead Counsel for Plaintiff Brandon J. Moffett**